UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARIO DYRELL GODHIGH,

    Plaintiff,

v.                                     Case No: 5:20-cv-289-Oc-02PRL

GILBERTO PEREZ,

    Defendant.

_____

## ORDER

Plaintiff, Mario Godhigh, proceeding *pro se*, is currently incarcerated at Lake Correctional Institution, initiated this action by filing a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. The case is due to be dismissed because the Plaintiff is prohibited from proceeding *in forma pauperis*, per 28 U.S.C. § 1915(g) and did not pay the filing fee at the time he initiated this case.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

Many of Plaintiff's earlier actions were dismissed under the "three strikes" provision in Section 1915(g), such as *Godhigh v. McDaniels*, 3:20-cv-3-J-34PDB; *Godhigh v. McDaniels*, 3:20-cv-108-J-39JRK; *Godhigh v. McDaniels*, 3:20-cv-175-J-20MCR; and *Godhigh v. Secretary of Department of Corrections, et al.*, 3:20-cv-474-J-39MCR. Each of the above four cases was dismissed under Section 1915(g) because Plaintiff had at least three earlier cases that were dismissed during the mandatory review process under Section 1915(e)(2).[1] Neither the present case nor the above cases meet the exemption under Section 1915(g).

Because Plaintiff has had three or more prior qualifying dismissals and his allegations do not warrant the imminent danger exception to dismissal, this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying $400.00 ($350.00 filing fee and $50.00 administrative fee).

Upon due consideration, Plaintiff's claims are **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

---

[1] Plaintiff is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). *See* Order (Doc. 4), 5:18-cv-214-MCR-GRJ (N.D. Fla. Oct. 17, 2018).

**DONE** and **ORDERED** in Tampa, Florida on August 3, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Pro Se Party